The feme covert defendant, M. E. Sultan, not a free trader, was engaged in merchandise in New Bern, her husband, the other defendant, the while managing the business for her. She, through her husband, on 30 January, 1892, at New Bern, executed and delivered to the plaintiff a writing containing her financial condition, assets and liabilities, the assets consisting of real and personal property, in value about $25,000; her liabilities being only about $1,300. The yearly extent of her business she stated to be $23,000. This schedule was prefaced with a statement and caption, all forming one entire instrument and made a part of complaint as Exhibit A, as follows:
"Statement as a Basis for Credit: Statement to A. J. Bates Co. of the financial condition of M. E. Sultan, of New Bern, county of Craven, State of North Carolina.
"For the purpose of establishing my (or our) credit with A. J. Bates 
Co. and as a basis therefor I (or we) make the following statement as to my (or our) means, which shall apply to all future purchases unless revoked by me (or us) in writing and delivered to them personally; also, in consideration of such credit, I (or we) agree to advise A. J. Bates Co. immediately of any material change in my (or our) affairs."
Afterwards, on 11 February, 1892, the defendant husband executed and delivered to the plaintiff a paper-writing, made a (97) part of complaint as Exhibit B, as follows:
"For and in consideration of one dollar to me (or us) in hand paid by A. J. Bates Co. (the receipt whereof is hereby acknowledged), I (or we) do hereby guarantee unto them unconditionally the payment, at all times after maturity, of any indebtedness (not exceeding the sum of one thousand and five hundred dollars) of Mrs. M. E. Sultan, now doing business in New Bern, county of Craven and State of North Carolina, of any purchase or other liability made prior to, or to be *Page 70 
made after, this date, by the said Mrs. M. E. Sultan of the said A. J. Bates Co., upon a credit of sixty days, or such other time, or at any extension of time after maturity, as may be given by the said A. J. Bates 
Co. to the said Mrs. M. E. Sultan.
"And I (or we) hereby waive all demands of payment and notice of protest as the respective bills, notes, acceptances or other indebtedness of the said Mrs. M. E. Sultan fall due.
"This guarantee to be an open and continuous one at all times, to the amount of one thousand and five hundred dollars above named, until revoked by me (or us) in writing."
After the execution and delivery of the two papers the plaintiff sold and delivered to the feme defendant in New Bern more than a thousand dollars worth of goods and wares, for which she refused to pay when demand was made upon her. This action was brought to subject the statutory separate estate of the feme defendant to the payment of the debt, the complaint containing allegations that the feme defendant is in possession of a large separate estate, real and personal; that she intended to charge her separate estate with the debt; that the (98) consideration of the debt was for the benefit of her sole and separate estate, and that her husband gave his consent in writing to her agreement to buy the goods and to charge her separate estate with the amount. The feme defendant demurred to the complaint, assigning numerous grounds under two heads, which will be particularized in the discussion of them.
This Court decided, in the case of Farthing v. Shields, 106 N.C. 289, that the lands of a married woman cannot be charged by any undertaking on her part in the nature of a contract unless it be evidenced by deed accompanied by privy examination. In that case, however, it is stated that liens created by statute, chapter 41 of The Code, are not affected by the decision. We can, therefore, in the case before us dismiss from consideration the attempt of the plaintiffs to charge the real estate of the feme defendant, for it appears from the complaint that the paper-writing which is relied on to create a charge on her separate estate was not executed by deed with privy examination.
The first division of the demurrer is in the following language: 1. "It is not alleged that said debt was due for her necessary personal expenses, or for the support of her family, or such as was necessary in order to pay her debts existing before marriage, or that the same was contracted with the written consent of her husband, or that she was a free trader."
It was not necessary for the plaintiff to allege in his complaint that the debt due was for any of the considerations specifically mentioned *Page 71 
in section 1826 of The Code, or that the feme defendant was a free trader. The cause of action was on account of none of these, but its object was to have subjected her separate estate to the payment of a debt with which she was alleged to have charged it, with the written consent of her husband. The instrument executed by her and called "Statement as a Basis for Credit," heretofore referred to, is what the (99) plaintiff relies on to prove her agreement to charge her separate estate. We are of the opinion that it is sufficient. It appears from it, taken with the paper executed by her husband, that she meant to act under the powers given her by the statute (sec. 1826 of The Code), and the intention to charge her separate estate is apparent. We think when she made the statement and declared in it that "for the purpose of establishing my credit and as a basis therefor, I make the following statement, which shall apply to all future purchases — and in consideration of such credit I agree to advise (plaintiff) immediately of any material change in my affairs," that her intent to charge her separate estate was as clear as if she had written: "If you will credit me for goods that I buy of you, I will pay you out of the property mentioned in the schedule I have given you, and your debt shall be a charge upon it." The property named in the instrument, not the statement containing the description and amount, was the basis — the foundation — upon which the credit was extended and the goods were sold. We are of the opinion, also, that the paper-writing executed by the defendant husband, while it may be a guarantee in case of the wife's default, is also sufficient consent to her charging her separate estate for the payment of her debt to the plaintiff. Consent is embraced in the idea of guarantee. The promise that he will make good his wife's agreement, pay her obligations if she does not, can carry with it no other idea than that he desires and expects her to pay out of her own property her debts, and not cause loss to him as her guarantor for her failure.
The second division of the demurrer is as follows: "It does not allege that the separate estate which this defendant now has is a part of the separate estate which she had at the time the said debt was (100) contracted, or that said estate had been substituted for the separate estate which she had at the time that the debt was contracted, or that the same had been purchased with the income or proceeds of said separate estate which she had at the time the debt was contracted, or that the same had been received in exchange for the separate estate which this defendant had at the time the debt was contracted." It cannot be sustained in this Court. Whilst an action to subject the property, personal (not real), which the defendant admitted she had or which ments [agreements] as she is allowed to make under our laws is in the nature of a *Page 72 
proceeding in rem, yet the creditor gets no lien at the time of the agreement upon the estate of the married woman. She can sell or dispose of her property at any time and give the purchaser for value a good title, and the creditor will be allowed to have his judgment satisfied out of any of her separate estate, whether it be that of which she was possessed at the time of the making of the agreement to charge it, or whether it be such as she may have exchanged it for, or have acquired in any way whatever. If it be denied, however, the plaintiff must prove on the trial that the feme defendant had, when the suit was commenced, whatever of the property mentioned in the complaint he wishes to have subjected to the payment of his debt; and the judgment and the execution issued on it should set forth with particularity the separate property, personal (not real), which the defendant admitted she had or which the plaintiff proved that she had at the time of the commencement of the action. If the officer to whom the execution is issued, when he comes to levy upon the separate estate of the feme defendant, finds none of it which is described in the execution, or not enough to satisfy it, he will in the latter instance sell what he finds, and in both make proper (101) return of his writ. The creditor then will have such remedy, by supplemental proceedings or otherwise, as he may be entitled to, to reach such property as she may have fraudulently disposed of, or such as has been substituted for such as she had, or such as has been purchased with the income or proceeds of such as she had, or such as she has received in exchange for such as she had, or the proceeds of sale of such as she had disposed of, all subject to her personal property exemption allowed by law. There was error in his Honor's sustaining the demurrer. It should have been overruled.
Error.